1

2

3

4

5

6          UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
7               AT SEATTLE

8   HOLLY P.,

9                  Plaintiff,          Case No. C20-5573-SKV

10       v.                            ORDER REVERSING
                                       COMMISSIONER'S DECISION
11  COMMISSIONER OF SOCIAL SECURITY,

12                 Defendant.

13

14       Plaintiff seeks review of the denial of her application for Supplemental Security Income.

15  Having considered the Administrative Law Judge's (ALJ) decision, the administrative record

16  (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final decision

17  and **REMANDS** the matter for further administrative proceedings under sentence four of 42

18  U.S.C. § 405(g).

19                          **BACKGROUND**

20       Plaintiff was born in 1970, has at least a college education, and has no past relevant work.

21  AR 34-35.  On January 23, 2017, Plaintiff applied for benefits, alleging disability as of May 14,

22  2009.[1]  AR 20.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff

23

_____

[1] At the hearing, Plaintiff amended her alleged onset date to January 23, 2017.  AR 20.

ORDER REVERSING COMMISSIONER'S
DECISION - 1

requested a hearing. *Id.* After the ALJ conducted a hearing on May 16, 2019, the ALJ issued a decision finding Plaintiff not disabled. AR 17-41.

## THE ALJ'S DECISION

Utilizing the five-step disability evaluation process,[2] the ALJ found:

**Step one**: Plaintiff has not engaged in substantial gainful activity since January 23, 2017.

**Step two**: Plaintiff has the following severe impairments: degenerative disc disease, status post partial mastectomy for right breast cancer, seizures, carpal tunnel syndrome, tinnitus, major depressive disorder, mood disorder, not otherwise specified, borderline personality disorder, and general anxiety disorder.

**Step three**: These impairments do not meet or equal the requirements of a listed impairment.[3]

**Residual Functional Capacity**: Plaintiff can perform light work subject to additional limitations.

**Step four**: Plaintiff has no past relevant work.

**Step five**: As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 22-36.

On April 13, 2020, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. AR 1-6. Plaintiff appealed the final decision of the Commissioner to this Court. Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the

---

[2] 20 C.F.R. § 404.1520.
[3] 20 C.F.R. Part 404, Subpart P. Appendix 1.

ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

Substantial evidence is "more than a mere scintilla. It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## DISCUSSION

Plaintiff argues the ALJ erred by misevaluating certain medical opinion evidence, discounting her testimony, fashioning a deficient RFC, and making unsupported step five findings. The Commissioner argues the ALJ's decision is free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.    The ALJ Erred in Evaluating the Medical Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ

may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).

    *1. William Weiss, Ph.D.*

    Dr. Weiss examined Plaintiff in December 2017, and assessed she "shows the diagnostic criteria associated with borderline personality disorder, generalized anxiety disorder with panic attacks, and post traumatic stress disorder." AR 932. He opined "[s]ustained concentration and persistence are markedly impaired by her problems with borderline personality disorder, generalized anxiety disorder with panic attacks, and post traumatic stress disorder," "[s]ocial interaction, because of her borderline personality disorder, is severely impaired," and "[a]daptation is markedly impaired." AR 934. He further opined "[s]he can improve and she is motivated for work, she claims, but because of her significant psychological problems, she is unlikely to be able to maintain gainful employment in the future." *Id.*

    The ALJ first discounted Dr. Weiss's opinion because the doctor "significantly overestimated the severity of the claimant's limitations[.]" AR 32. This conclusory finding is legally erroneous. Rather than merely stating his conclusions, the ALJ "must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)); *see also Garrison*, 759 at 1012–13 ("[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.") (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996). The ALJ accordingly erred by discounting Dr. Weiss's opinion on this ground.

The ALJ also discounted Dr. Weiss's opinion because it "appear[s] to be based on the claimant's subjective statements." AR 32. However, psychologists' opinions "will always depend in part on the patient's self-report." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). Dr. Weiss did not opine Plaintiff malingered or was otherwise unreliable. The ALJ accordingly erred by discounting Dr. Weiss's opinion on this ground.

### 2. Lauren Brodie, Psy.D.

Dr. Brodie examined Plaintiff in November 2016, and assessed diagnoses of "Major Depressive Disorder, Recurrent, Mild" and "Borderline Personality Disorder with Narcissistic Traits." AR 402. Dr. Brodie opined Plaintiff's "symptoms of depression may interfere with her ability to work, as during these times she does not attend appointments or programs regularly. Additionally, if she feels challenged or talked down to by others at work (co-workers, boss, customers) she may have difficulty maintaining her composure and not acting out. With time and in the write [*sic*] job, [Plaintiff] will likely be able to work through how these symptoms would affect her work." AR. 405. The ALJ gave Dr. Brodie's opinion "significant weight." AR 32.

Plaintiff argues the "ALJ erred by failing to acknowledge that Dr. Brodie *did not* opine that sufficient time had elapsed for [Plaintiff] to be able to successfully sustain any type of competitive employment." Dkt. 23 at 4. However, an ALJ generally may accept any medical opinion and need not even give reasons. *See Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (ALJ must provide reasons for rejecting a medical opinion, but not for accepting and interpreting one); *see also Turner v. Comm'r of Social Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) ("the ALJ did not need to provide 'clear and convincing reasons' for rejecting [a treating doctor's] report because the ALJ did not reject any of [his] conclusions"). The ALJ accordingly did not err by crediting Dr. Brodie's opinion.

1          *3. Non-Examining Doctors' Opinions*

2          The Court need not address Plaintiff's arguments concerning the ALJ's treatment of the

3    non-examining doctors' opinions, as the ALJ's error in rejecting the opinion of Dr. Weiss requires

4    the ALJ to reevaluate, on remand, what weight should be given to the non-examining opinions.

5          *4. Other Medical Evidence*

6          Plaintiff lists, seriatim, findings and notations of numerous medical providers.  Dkt. 24 at

7    4-15.  She states the findings of these sources support Dr. Weiss's opinion and her testimony. *Id.*

8    at 15.  The Court agrees the ALJ failed to provide specific and legitimate reasons for discounting

9    Dr. Weiss's opinion, as discussed above, but otherwise rejects Plaintiff's conclusory statements

10   as grounds to reverse the ALJ.  Plaintiff bears the burden of showing the ALJ harmfully erred.

11   *See Molina*, 674 F.3d at 1111. Plaintiff's conclusory statements regarding Plaintiff's view of the

12   record are insufficient to meet this burden.  *See Indep. Towers of Washington v. Washington*, 350

13   F.3d 925, 930 (9th Cir. 2003) ("Our adversarial system relies on the advocates to inform the

14   discussion and raise the issues to the court. …We require contentions to be accompanied by

15   reasons."); *see generally Carmickle v. Commissioner*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008)

16   (declining to address issues not argued with any specificity); *see also James M. v. Comm'r of

17   Soc. Sec.*, No. C19-5755-BAT, 2020 WL 3605630, at *2 (W.D. Wash. July 2, 2020) ("[I]t is not

18   enough merely to present an argument in the skimpiest way (i.e., listing the evidence), and leave

19   the Court to do counsel's work—framing the argument, and putting flesh on its bones through a

20   discussion of the applicable law and facts.").

21       **B.      The ALJ Did Not Err by Discounting Plaintiff's Testimony**

22         The ALJ determined Plaintiff's medically determinable impairments could reasonably be

23   expected to cause the symptoms she alleged and therefore was required to provide "specific,

clear, and convincing" reasons supported by substantial evidence to discount her testimony. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ indicated Plaintiff testified she "cannot work because of ongoing pain, weakness, and loss of function due to back problems and hand issues, as well as cognitive and social difficulties resultant from her mental health issues, including depression, anxiety, and borderline personality disorder." AR 26-27. The ALJ found Plaintiff's testimony inconsistent with "the objective evidence found in the medical file as well as the claimant's own statements[.]" AR 27.

Plaintiff contends that the ALJ erred in citing a lack of corroboration in the objective evidence, because this reason alone cannot support the ALJ's discounting of Plaintiff's allegations. Dkt. 23 at 16. But, the ALJ also pointed to inconsistencies between Plaintiff's allegations and the medical record and Plaintiff's activities. Although Plaintiff argues in a conclusory fashion that "none of the ALJ's reasons for rejecting [Plaintiff's] testimony are specific, clear, and convincing," *id.* at 18, Plaintiff does not address or otherwise grapple with the specific reasons the ALJ provided, and therefore has not shown error in the ALJ's stated reasoning. Because Plaintiff has failed to meet her burden of showing harmful legal error, the Court declines to disturb the ALJ's treatment of Plaintiff's testimony. *See Molina*, 674 F.3d at 1111.

### C.     RFC and Step Five

Because the ALJ misevaluated the medical evidence, the ALJ will necessarily need to determine whether the RFC needs to be adjusted. For this reason, the Court need not reach Plaintiff's assignments of error regarding the RFC and step five. *See PDK Labs. Inc. v. DEA,*

362 F.3d 786, 799 (D.C. Cir. 2004) ("[I]f it is not necessary to decide more, it is necessary not to decide more.") (Roberts, J., concurring in part and concurring in the judgment).

## CONCLUSION

For the reasons set forth above, the Commissioner's final decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

Dated this 6th day of July, 2021.


S. KATE VAUGHAN
United States Magistrate Judge