UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HOLLY P.,

                        Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

                        Defendant.

Case No. C20-5573-SKV

ORDER RE:  MOTION FOR
ATTORNEY FEES AND EXPENSES

        Plaintiff filed a motion requesting $7,313.90 in attorney fees and $9.41 in expenses under

the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b).  Dkt. 32.  The Commissioner

acknowledges that Plaintiff is the prevailing party, but argues that Plaintiff's fee request is

unreasonably high.  Dkt. 34.  As explained below, the Court finds that a fee reduction is

warranted, and thereby GRANTS IN PART and DENIES IN PART Plaintiff's motion.  Dkt. 32.

**DISCUSSION**

        Under EAJA, the Court awards fees and expenses to a prevailing party in a suit against

the government unless it concludes the position of the government was "substantially justified or

that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

        The parties do not dispute that Plaintiff is the prevailing party here, and there are no

special circumstances that would make an award unjust.  As noted above, the parties do dispute,

ORDER RE:  MOTION FOR ATTORNEY FEES
AND EXPENSES - 1

however, whether the amount of fees requested by Plaintiff is reasonable.  The Court may award EAJA fees for attorney hours *reasonably* expended by plaintiff's counsel.  28 U.S.C. § 2412(d)(2)(A).  "The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).  "[E]xcessive, redundant, or otherwise unnecessary" hours should be excluded from the fee award.  *Id*. at 434.  The Court must also consider the results obtained when determining whether the fees requested by a prevailing party for an unsuccessful appeal are reasonable.  *Atkins v. Apfel*, 154 F.3d 986, 986, 989 (9th Cir. 1998) (citing *Hensley*, 461 U.S. 424).

"[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended[.]"  *Hensley*, 461 U.S. at 437.  However, "the party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits."  *Gates v. Deukmejian*, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (citations omitted).

The Commissioner here challenges the reasonableness of the fees, contending that the hours expended on the briefing was excessive, given that two attorneys worked on the briefs and yet the opening brief included many conclusory arguments and unnecessary summaries of evidence.  Dkt. 34 at 3-4.  The Commissioner also contends that the time entries related to mailing letters to an unnamed attorney are vague and inadequately explained.  Dkt. 34 at 4.  The Commissioner seeks a reduction in the requested fees of at least 10 percent on these grounds. Dkt. 34 at 4-5.  For the following reasons, the Court agrees that a reduction is warranted.

1    The Court agrees that the number of hours expanded on the opening brief was

2 unreasonably high in light of the deficiencies in the briefing, which were noted in the Court's

3 decision.  *See* Dkt. 29 at 6 (noting that pages 4-15 of Plaintiff's opening brief simply lists

4 findings and notations of numerous medical providers and that these conclusory statements do

5 not provide a basis for reversing the ALJ's decision), 7 (noting that Plaintiff's challenge to the

6 ALJ's assessment of her testimony fails to "address or otherwise grapple" with the ALJ's stated

7 reasoning).  The Court's scheduling order instructed counsel to avoid including factual

8 summaries in briefing (Dkt. 22 at 2), and yet many pages of the opening brief are devoted to a

9 lengthy, unhelpful summary.  As emphasized by the Commissioner (Dkt. 34 at 1), the Court

10 reversed the ALJ's decision on only one ground raised by Plaintiff addressed on one page of a

11 19-page brief, and found no reversible error in Plaintiff's other allegations.  *See* Dkt. 29.

12    That two attorneys expended a total of 26.8 hours drafting the opening brief with a record

13 of average length (1,574 pages), where much of the brief is either unpersuasive or irrelevant, is

14 unreasonable.  *See, e.g.*, *Yong v. Comm'r of Social Sec.*, 2021 WL 4244506, at *2 (W.D. Wash.

15 Sep. 17, 2021) (collecting cases and finding that an average length of time to expend on an

16 opening brief in this district is 17.9 hours, and average record is 1,534 pages long); *Morton v.*

17 *Comm'r of Social Sec.*, 2019 WL 215289 (W.D. Wash. Jan. 16, 2019) (decreasing the same

18 counsel's fees based in part on his inclusion of an unnecessary summary of the medical evidence

19 in the opening brief, as well as the lack of complexity in the arguments raised); *Robinson v.*

20 *Berryhill*, 2018 WL 2441747 (W.D. Wash. May 31, 2018) (decreasing the same counsel's fees

21 based on his inclusion of unnecessary factual summaries in the opening brief).  Particularly

22 because Plaintiff's counsel has decades of experience in this area of law and raises the same or

23 similar issues in his many Social Security cases, the Court finds that not all of the hours

ORDER RE:  MOTION FOR ATTORNEY FEES
AND EXPENSES - 3

1   expended on the briefing in this case were reasonably necessary. *See Yong*, 2021 WL 4244506,

2   at *2-3.

3        Under the totality of these circumstances, the Court finds that a 10 percent reduction of

4   the fees requested is appropriate. *See Costa v. Comm'r of Social Sec. Admin.*, 690 F.3d 1132,

5   1136 (9th Cir. 2012) (explaining that a court's evaluation of fee reasonableness depends on

6   "case-specific factors" such as "complexity of legal issues, the procedural history, the size of the

7   record, and when counsel was retained").

8        The Commissioner has not shown, however, that the time expended related to paralegal

9   communication with Plaintiff's administrative attorney was unnecessary or otherwise

10  unreasonable. *See* Dkt. 34 at 4, Dkt. 35 at 3. The Court therefore declines to decrease the fee

11  award on this basis.

12                              **CONCLUSION**

13       The Court GRANTS IN PART and DENIES IN PART Plaintiff's motion, Dkt. 32,

14  finding that a 10 percent reduction ($731.39) in fees is appropriate. Attorney fees of $6,582.51

15  and expenses of $9.41 under EAJA are awarded to Plaintiff. If this award is not subject to offset

16  allowed under the Treasury Offset Program as discussed in *Astrue v. Ratliff*, 560 U.S. 586

17  (2010), payment of the award should be made to Plaintiff's attorney, Eitan Kassel Yanich, at

18  Eitan Kassel Yanich, PLLC; 203 Fourth Avenue E., Suite 321; Olympia, WA 98501.

19       Dated this 25th day of October, 2021.

20

21                              S. KATE VAUGHAN
                                United States Magistrate Judge
22

23

ORDER RE: MOTION FOR ATTORNEY FEES
AND EXPENSES - 4